IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TOCCARRA TUNSTALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| MEMPHIS' INCREDIBLE PIZZA | ) |
| COMPANY, LLC d/b/a INCREDIBLE | ) Removed from the Circuit Court of |
| PIZZA COMPANY, | ) Tennessee for the Thirtieth Judicial |
| | ) District at Memphis |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Memphis' Incredible Pizza Company, LLC ("Defendant"), by and through counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As grounds for the Notice of Removal, Defendant states as follows:

### I. PROCEDURAL BACKGROUND

1. On July 20, 2020, Plaintiff, Toccarra Tunstall ("Plaintiff"), filed a complaint against Memphis' Incredible Pizza Company, LLC, in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, now pending as Civil Action No. CT-2884-20. The Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis is a state court within this judicial district and division.

2. Defendant was served with a copy of the summons and complaint via certified mail on August 21, 2020. Therefore, this notice of removal is timely filed within thirty (30) days of service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the state court action are collectively attached hereto as *Exhibit 1*.

## II.  GROUNDS FOR REMOVAL

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

### A. Citizenship of the Parties

7. There is complete diversity of citizenship between Plaintiff and Defendant.

8. Plaintiff, Toccarra Tunstall, is alleged in the complaint to be a citizen and resident of Memphis, Shelby County, Tennessee.  See *Exhibit 1*, Complaint.

9. Defendant, Memphis' Incredible Pizza Company, LLC, is a Missouri limited liability company with its principal place of business located at 909 E. Republic Rd., Ste A-200, Springfield, Missouri 65807.

10. The complaint makes no allegation of the citizenship of any members of Defendant.  *See Exhibit 1*, Complaint.  For purposes of determining whether diversity jurisdiction exists, a limited liability company has the citizenship of each of its members.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)).

11. Defendant, Memphis' Incredible Pizza Company, LLC, is a sole member limited liability corporation.  The sole member is the Revocable Qualified Spousal Trust of Richard A. Barsness and Cheryl L. Barsness.  Richard A. Barsness and Cheryl L. Barsness, are the only shareholders of the Revocable Qualified Spousal Trust of Richard A. Barsness and Cheryl L. Barsness and both shareholders are residents and citizens of Greene County, Missouri. Therefore, Defendant, Memphis' Incredible Pizza Company, LLC, has the citizenship of Missouri.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016) (holding that a real estate investment trust possessed the citizenship of all its members and that those members were its shareholders).

12. Because Defendant is a citizen of Missouri and Plaintiff is a citizen of Tennessee, there is complete diversity between the parties. Defendant is not a citizen of Tennessee and therefore, removal of this case is proper. *See* 28 U.S.C. §1441(b)(2).

**B.    Amount in Controversy**

13. As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000.

14. Plaintiff's complaint seeks damages for negligence, gross negligence, recklessness, severe and permanent personal injuries, past and future pain and suffering, emotional distress, past and future medical and incidental expenses, and loss of enjoyment of life. *See **Exhibit 1***, Complaint at p. 5. Plaintiff's complaint does not set forth an amount in controversy. *See **Exhibit 1***, Complaint.

15. In 2011, Congress amended § 1446(c) and codified the defendant's right to assert the amount in controversy in the notice of removal. In cases such as this, where the plaintiff does not demand a sum in good faith in the initial pleading, the defendant may assert an amount in controversy in the notice of removal. 28 U.S.C. § 1446(c) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks ... (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

16. Because Plaintiff's complaint does not set forth an amount in controversy, Defendant may assert an amount in controversy in the notice of removal. 28 U.S.C. § 1446(c); *see also Miller v. Draftkings, Inc.*, No. 2:16-CV-103, 2016 WL 3693467, at *1–2 (E.D. Tenn. June 30, 2016) (holding if state law permits a plaintiff to recover damages in excess of the amount demanded, a defendant may assert a different amount in controversy in its notice of

removal); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("State counterparts to Fed. R. Civ. P. 54(c) might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for. Tennessee has one such rule."); *Cardella v. Cardella*, 2008 WL 4367306 at *6 (Tenn. Ct. App. Sept. 17, 2008) ("Both rule 15.02 and 54.03 of the Tennessee Rules of Civil Procedure permit relief beyond the pleading, if the issue is litigated and the opposing party has the opportunity to defend.").

17. Based on the above, Defendant asserts that the evidence establishes that the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. *See* U.S.C. § 1446(c)(2)(A). The jurisdictional amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Thus, removal is proper.

### III. JURISDICTIONAL REQUIREMENTS

18. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

19. Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a Notice of Removal with the Clerk of the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis as provided by law.

20. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

21. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendant respectfully requests an opportunity to submit additional

evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

## IV.     NON-WAIVER OF DEFENSES

22.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to the Federal Rules of Civil Procedure, a motion to transfer pursuant to 28 U.S.C. § 1404(a), or any other challenge that may be appropriate as this case progresses.

WHEREFORE, Defendant respectfully gives notice of its removal of this action to this Court and prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted this 18th day of September, 2020.

>WOOLF, MCCLANE, BRIGHT, ALLEN
>& CARPENTER, PLLC
>
>/s/ C. Gavin Shepherd
>Dean T. Howell (BPR #022130)
>C. Gavin Shepherd (BPR No. 033066)
>Post Office Box 900
>Knoxville, Tennessee 37901-0900
>(865) 215-1000
>gshepherd@wmbac.com
>
>*Attorney for Defendant Memphis' Incredible Pizza Company, LLC*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

  Murray B. Wells
  Wells & Associates, PLLC
  81 Monroe Avenue – Suite 400
  Memphis, TN 38103

  This the 18th day of September, 2020.

            /s/ C. Gavin Shepherd
            C. Gavin Shepherd (BPR No. 033066)