

7018 3090 0001 ⁹24 8750

Wells & Associates, PLLC
81 Monroe Avenue
Suite 400
Memphis, TN 38103

Wells & Associates, PLLC
81 Monroe Ave, Suite 400
Memphis, TN 38103

BLACK HERITAGE
Gwen Ifill

Memphis' Incredible Pizza Company, LLC
d/b/a/ Incredible Pizza
C/O CT Corporation System
300 Montvue Rd
Knoxville, TN 37919-5546

**EXHIBIT**

**1**

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-2884-20

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

TOCCARRA TUNSTALL,

**FILED**
JUL 20 2020
CIRCUIT COURT CLERK
BY _____ D.C.

Plaintiff(s)

VS

MEMPHIS' INCREDIBLE PIZZA
COMPANY, LLC d/b/a INCREDIBLE PIZZA
COMPANY,

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Memphis' Incredible Pizza Company, LLC d/b/a Incredible Pizza
Company c/o C T Corporation System
300 Montvue Road
Knoxville, TN 37919

Method of Service:
● Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Murray B. Wells, Wells & Associates, PLLC     Plaintiff's

attorney, whose address is 81 Monroe Avenue, Suite 400, Memphis, TN 38103

telephone 901-507-2521     within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                         Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                        By: _____
                                                              Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

TOCCARRA TUNSTALL,                )

      Plaintiff,                 )

                                    ) CT- 2884-20

vs.                            ) Division VIII

                                    ) JURY TRIAL DEMANDED

MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC )
d/b/a INCREDIBLE PIZZA COMPANY,       )

                                      )

      Defendant.                )

                                      )

*[Stamp: FILED JUL 2 0 2020 CIRCUIT COURT CLERK D.C. BY_____]*

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, TOCCARRA TUNSTALL ("Plaintiff"), by and through her counsel of record, Wells & Associates, PLLC, and for this Complaint against Defendant, MEMPHIS INCREDIBLE PIZZA COMPANY, LLC d/b/a INCREDIBLE PIZZA COMPANY ("Defendant"), states as follows:

### PARTIES

1.    At all times material hereto, Plaintiff TOCCARRA TUNSTALL was an adult resident citizen of Memphis, Shelby County, Tennessee.

2.    Defendant MEMPHIS' INCREDIBLE PIZZA COMPANY, LLC doing business as "INCREDIBLE PIZZA COMPANY" is a Missouri Company licensed to conduct business in the State of Tennessee. Its principal place of business is located at 909 E. Republic Road, Suite 200, Springfield, Missouri 65807-6054 and service of process may be effectuated upon the Defendant through its Registered Agent, C T Corporation System, at 300 Montvue Road, Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

3.      Pursuant to T.C.A. § 16-10-101, this Court has original jurisdiction over this action for personal injuries and damages alleged in this Complaint.

4.      Venue is proper in this Court pursuant to T.C.A. § 20-4-101 because Plaintiff's claims arise solely under the laws of the State of Tennessee and the acts and omissions of the Defendant occurred in Memphis, Shelby County, Tennessee.

## FACTS

5.      On or about July 21, 2019, Plaintiff was a patron at one of Defendant's restaurants located at 1245 N Germantown Pkwy, Cordova, TN 38016.

6.      On or about said date and time, Plaintiff alleges that she was walking inside of Defendant's restaurant, and, through no fault of her own, slipped and fell due to a red foreign substance on the restaurant's floor.

7.      At all times material hereto, Incredible Pizza Company was owned and operated by Memphis' Incredible Pizza Company, LLC.

8.      Plaintiff has sustained serious bodily injury as a result of her fall on the Defendant's wet, slippery floor.

9.      At the time of said fall, there were no signs, cones, or warnings of any kind regarding the dangerous conditions on the floor.

10.     As a result of Defendant's negligence, gross negligence, wanton and reckless acts and omissions, which are described with more particularity hereinafter Plaintiff sustained severe and permanent injuries.

2

## NEGLIGENCE

11.     Plaintiff hereby incorporates each of the preceding paragraphs by reference as if fully set forth herein.

12.     At all relevant times, INCREDIBLE PIZZA COMPANY had a duty to ensure that its premises were reasonably safe for any and all business invitees, including but not limited to Plaintiff.

13.     At all relevant times, INCREDIBLE PIZZA COMPANY had a duty to take reasonable care to refrain from injuring persons invited to the premises, including but not limited to Plaintiff.

14.     INCREDIBLE PIZZA COMPANY owed affirmative duties to Plaintiff and other such invitees which included, but were not necessarily limited to the following:

   a.     To ensure that its floors were kept clean and free of debris and foreign substances which might cause store patrons to trip, slip and/or fall;

   b.     To provide safe passage and walkways through the store;

   c.     To provide adequate training to its employees regarding receiving invitees and/or patrons into the store, including but not limited to training regarding appropriate procedures to be followed in the event of inclement weather, spills, and other instances where clean-up and/or store maintenance might reasonably be required;

   d.     To ensure that its facility was properly manned and supervised during any and all business hours; and

   e.     To act as any reasonable prudent person under like or similar circumstances.

15.     INCREDIBLE PIZZA COMPANY failed to properly hire, train, and/or supervise its employees in proper store clean-up and/ or maintenance duties.

3

16.     INCREDIBLE PIZZA COMPANY, acting by and through its employees, servants, representatives and/or agents, had actual and constructive knowledge of the water on the floor.

17.     INCREDIBLE PIZZA COMPANY, acting by and through its employees, servants, representatives and/or agents, negligently and/or recklessly left the water on the floor where Plaintiff subsequently fell.

18.     INCREDIBLE PIZZA COMPANY, acting by and through its employees, servants, representatives and/or agents, knew or should have known of the grossly negligent and/or reckless nature of their omission to clean up the water and knew or should have known, willfully and intentionally leaving an unmarked wet and slippery area presented an unreasonable risk of harm to patrons and other invitees of the store, including Plaintiff.

## FAILURE TO WARN

19.     Plaintiff hereby incorporates each of the preceding paragraphs by reference as if fully set forth herein.

20.     At all times relevant to this Complaint, INCREDIBLE PIZZA COMPANY had a duty to warn patrons and other invitees, including Plaintiff, of dangerous and/or unsafe conditions on its premises, particularly but not limited to those situations in which INCREDIBLE PIZZA COMPANY, its agents, employees, servants, and/or representatives themselves negligently, recklessly and/or intentionally created such dangerous and/or unsafe conditions.

21.     As set forth in greater detail herein, INCREDIBLE PIZZA COMPANY breached its duties in this regard.

4

22.   As a result of INCREDIBLE PIZZA COMPANY's intentional, willful, and reckless disregard of the safety and well-being of store patrons, including the Plaintiff, Plaintiff sustained severe and permanent injuries.

23.   As a result of INCREDIBLE PIZZA COMPANY's intentional, willful, and reckless disregard of the safety and well-being of store patrons, including the Plaintiff, Plaintiff sustained severe and permanent injuries.

## DAMAGES

24.   Plaintiff hereby incorporates each of the preceding paragraphs by reference as if fully set forth herein.

25. As a result of the Defendant's negligence, gross negligence, and/or recklessness, Plaintiff has sustained severe and permanent injuries and damages, including but not limited to:

    a.   Permanent injury;

    b.   Pain and suffering, both past and future;

    b.   Emotional distress;

    b.   Medical and incidental expenses, both past and future; and

    c.   Loss of enjoyment of life.

## PUNITIVE DAMAGES

26.   Plaintiff hereby incorporates each of the preceding paragraphs by reference as if fully set forth herein.

6. That Plaintiff be awarded all additional and further relief to which she may be entitled, at law or in equity.

Respectfully Submitted,

**Wells & Associates, PLLC**

MURRAY B. WELLS (BPR# 21749)
**Attorney for Plaintiff**
81 Monroe Avenue – Suite 400
Memphis, TN 38103
(901) 507-2521
(901) 507-1791 – Facsimile